UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD STAHL,

                                          Plaintiff,

v.                                               Civil Action No. _____

CREDIT PROTECTION ASSOCIATION, L.P.

                                          Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Edward Stahl is a natural person residing in the County of Livingston and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Credit Protection Association, L.P. is a foreign business corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendants regularly attempt to collect debts alleged to be due another.

7. The acts of the Defendant, Credit Protection Association, L.P. alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a utility bill with New York State Gas & Electric. This debt will be referred to as "the subject debt."

10. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Upon information and belief, Plaintiff allegedly thereafter defaulted on the subject debt.

12. Upon information and belief, Defendant was employed by the original or subsequent creditor to collect on the subject debt.

13. In or about April, 2013, Defendant began calling Plaintiff on his home telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That on April 15, 2014, Plaintiff received a telephone call from Defendant threatening legal action against him if he didn't pay the subject debt.

15. That on April 21, 2014, Plaintiff received a telephone call from Defendant again threatening legal action against him if he didn't pay the subject debt.

16. That Defendant did not give the mini-Miranda warning during the above calls to the Plaintiff.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C.§1692e(2)  15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by stating that if the Plaintiff didn't pay, that they would take legal action against him and charge him with legal fees.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by calling the Plaintiff numerous times per week, often multiple times per day the natural consequence of such conduct is to annoy, abuse, and harass the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692e(11) by failing to communicate the mini-Miranda warning when speaking to the Plaintiff.

20. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 19, 2014

          /s Seth J. Andrews, Esq
          Seth J. Andrews, Esq.
          Kenneth R. Hiller, Esq.
          Law Offices of Kenneth Hiller, PLLC
          *Attorneys for the Plaintiff*
          6000 North Bailey Ave., Suite 1A
          Amherst, NY 14226
          (716) 564-3288
          Email:sandrews@kennethhiller.com
              khiller@kennethhiller.com